UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 16-CV-23137

DOHLER S.A., DOHLER USA, INC., and VULCANO AMERICA, LLC,

        Plaintiffs,

vs.

GIFT GURU, a business entity of unknown makeup, and DOES 1-10,

        Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELEIF

Plaintiffs, DOHLER S.A., a Brazilian Corporation ("DOHLER"), DOHLER USA, INC., a Florida Corporation ("DOHLER USA"), and VULCANO AMERICA, LLC, a Florida Limited Liability Company ("VULCANO") (collectively "Plaintiffs") hereby sues Defendant GIFT GURU, a business entity of unknown makeup and DOES 1-10 (collectively "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law trademark infringement, and unfair competition pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a) and (d), and Florida Deceptive and Unfair Trade Practices Act. Plaintiffs also assert claims in accordance with common law rights, Fla. Stat. § 495.161, unfair competition, and for violations of Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1131, 1332, and 1338.

This Court also has jurisdiction pursuant to 15 U.S.C. § 1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. §§ 1391(b) in that a substantial part of the events giving rise to the claims herein occurred in this Judicial District.

3. Upon information and belief, this Court has personal jurisdiction over the Defendants in that:

   a. Defendants have operated, conducted, engaged in, carried on business or business venture in Florida pursuant to and within the meaning of § 48.193(1)(a), Fla. Stat. and from which this action arises; or

   b. Defendants have committed a tortuous act within the state, pursuant to and within the meaning of § 48.193(1)(b), Fla. Stat. and from which this action arises; or

   c. Defendants have engaged in substantial and not isolated activity within this state, including the Southern District of Florida, pursuant to and within the meaning of § 48.193(2), Fla. Stat. and from which this action arises, at least by virtue of transaction of business within the State of Florida and this Judicial District.

## THE PARTIES

4. DOHLER is a corporation duly organized under the laws of Brazil with its principal place of business Rua Arno Waldemar Dohler, 145, 89219-902 Joinville SC Brasil.  DOHLER is, in part, engaged in the business of distributing throughout the word, including within this district, towels, and other products under Federally registered trademarks.

5. DOHLER USA is a Florida Corporation with its principal place of business at 8304 NW 30th Terrace, Doral, FL 33122, and is engaged in the business of distributing throughout the

world, including within this district, towels, and other products protected by Federally registered trademarks.

6.  VULCANO is a Florida Limited Liability Company with its principal place of business located at 5201 Blue Lagoon Drive, 8th Floor, Miami, FL 33126, and is engaged in the business of distributing throughout the United States, including within this district, towels, and other products protected by Federally registered trademarks.

7.  GIFT GURU is a business entity of unknown makeup, and presently only knows Defendant by his/her/its post office box at 30 Westgate Parkway, #188, Asheville, NC 28806.

8.  Defendant DOES 1-5 are, upon information and belief, individuals who reside and/or conduct substantial business within this District, Further DOES 1-5 are directly and personally contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant.  Plaintiffs are presently unaware of the true names of DOES 1-5.  Plaintiffs will amend this Complaint upon discovery of the identities of such fictitious Defendants.

9.  Defendants DOES 6-10 are business entities which, upon information and belief, reside and/or conduct business within this District.  Moreover, DOES 6-10 are, upon information and belief, directly contributing to, inducing, and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant.  Plaintiffs are presently unaware of the true names of DOES 6-10.  Plaintiffs will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## COMMON FACTUAL ALLEGATIONS

10.  DOHLER is the owner of all rights in and to the following trademarks registered on the Principal Register of the United States Patent and Trademark Office:

| TRADEMARK | REGISTRATION NUMBER | REGISTRATION DATE | CLASS(ES)/GOODS |
|---|---|---|---|
| DÖHLER | 3074859 | March 28, 2006 | IC 024. US 042 050. G & S: Bed linen; towels; bath towels; hand towels; wash towels; shower curtains; beach towels. |
| DÖHLER USA | 3493801 | August 26, 2008 | IC 024. US 042 050. G & S: Bed linen; towels; bath towels; hand towels; wash towels; shower curtains; beach towels. IC 025. US 022 039. G & S: Bathrobes; body wraps. |
| döhler | 3269003 | July 24, 2007 | IC 024. US 042 050. G & S: Bed linen; towels; bath towels; hand towels; wash towels; shower curtains; beach towels. IC 025. US 022 039. G & S: Bathrobes; body wraps; sauna robes. FIRST USE: 20000901. |

(the "DOHLER Marks"). The DOHLER Marks are registered in classes 24 and 25 and used, *inter alia*, in connection with the manufacture and distribution of towels,

11. The DOHLER Marks have been used in interstate commerce to identify and distinguish DOHLER's high quality towels, and other goods for an extended period of time.

12. Since their adoption, DOHLER has continuously used the DOHLER Marks in interstate commerce for and in connection with such goods and has not abandoned the DOHLER Marks.

13. Further, DOHLER has expended substantial time, money, and other resources developing, advertising, and otherwise promoting the DOHLER Marks. The DOHLER Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

14. DOHLER has extensively used, advertised and promoted the DOHLER Marks in the United States in association with the sales of towels, and other goods and has carefully monitored and policed the use of the DOHLER Marks.

15. As a result of DOHLER's efforts, members of the consuming public readily identify merchandise bearing the DOHLER Marks as being high quality merchandise manufactured for and sold by DOHLER.

16. Accordingly, the DOHLER Marks have achieved secondary meaning as identifiers of high quality towels, and other goods.

17. Defendants at least used amazon.com to advertise and sell counterfeit goods. Defendant has listed DOHLER's high quality "100 dollar bill velour Brazilian beach towel 30x60 inches." Defendant are using Amazon to fulfill genuine sales of DOHLER towels in order to build confidence with Amazon. Defendants are also offering for sale through at least a second listing on Amazon that is fulfilled directly by the Defendants. However, through the second listing, Defendants are intentionally shipping an inferior towel and packaging, causing consumer confusion.

18. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of DOHLER's ownership of the DOHLER Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

19. Plaintiffs have discovered that the Defendants are promoting and otherwise advertising, distributing, selling, and/or offering for sale counterfeit products, including, at a minimum towels which are exact copies of the DOHLER Marks (the "Counterfeit Goods"). Specifically, upon information and belief, the Defendants are using the DOHLER Marks for different quality goods.

20. Upon information and belief, the Defendants' Counterfeit Goods are of a quality substantially different from that of DOHLER's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, the Defendants, upon information and belief, are actively using, promoting, and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by DOHLER. The net effect of the Defendants' actions will be to confuse consumers who will believe the Defendants' Counterfeit Goods are genuine goods originating from, associated with and approved or endorsed by DOHLER.

21. The Defendants advertise their goods for sale to the consuming public. In so advertising their products, the Defendants use counterfeits of the DOHLER Marks. Indeed, the Defendants herein misappropriated DOHLER's advertising ideas and entire style of doing business with regard to the advertisement and sale of DOHLER's genuine products bearing the DOHLER Marks. Upon information and belief, the misappropriation of DOHLER's advertising ideas in the form of the DOHLER Marks has occurred, in part, in the course of Defendants' advertising activities and has been a proximate cause of damage to the Plaintiffs.

22. Upon information and belief, the Defendants are conducting their counterfeiting and infringing activities at least within this District and elsewhere throughout the United States. As a result, the Defendants are defrauding Plaintiffs and the consuming public for the Defendants' own benefit.

23. Defendants' infringement and disparagement of Plaintiffs does not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised

quality or performance. Oppositely, for example, Defendants have intentionally provided Amazon.com with UPC codes that are assigned to the goods of DOHLER.

24. The Defendants' use of the DOHLER Marks, including the promotion and advertisement, reproduction, distribution, sale and offering for sale of their Counterfeit Goods, is without DOHLER's consent or authorization.

25. Further, the Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to DOHLER's rights for the purpose of trading on the goodwill and reputation of DOHLER. If the Defendants' intentional counterfeiting and infringing activities are not temporarily, preliminarily and permanently enjoined by this Court, Plaintiffs and the consuming public will continue to be damaged.

26. The Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public and the trade. Moreover, the Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between DOHLER's genuine goods and the Defendants' Counterfeit Goods.

27. Plaintiffs have no adequate remedy at law.

28. Plaintiffs are suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

29. The injuries and damages sustained by Plaintiffs have been directly and proximately caused by the Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of their Counterfeit Goods.

## COUNT I – TRADEMARK COUNTERFEITING AND INFRINGMENT

30. DOHLER hereby adopts and re-alleges the allegations set forth in Paragraphs 1-29 above.

31. This is an action for trademark counterfeiting and infringement against the Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of the Counterfeit Goods bearing the DOHLER Marks.

32. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale, and/or distributing towels bearing counterfeits and infringements of the DOHLER Marks. The Defendants are continuously infringing and inducing others to infringe the DOHLER Marks by using them to advertise, promote and sell counterfeit towels.

33. Defendants' counterfeiting and infringing activities are likely to cause confusion, mistake, and deception among members of the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the DOHLER Marks.

34. The Defendants' are earning a profit from their sales of goods bearing counterfeits and infringements of the DOHLER Marks.

35. Defendants' above-described illegal actions constitute counterfeiting and infringement of the DOHLER Marks in violation of DOHLER's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

36. DOHLER has suffered and will continue to suffer irreparable injury due to the above described activities of the Defendants if the Defendants are not preliminarily and permanently enjoined.

### COUNT II – FALSE DESIGNATION OF ORIGIN PURSUANT TO § 43(a) OF THE LANHAM ACT

37. Plaintiffs hereby adopt and re-alleges the allegations set forth in Paragraphs 1-26 above.

38.     The Defendants' Counterfeit Goods bearing and sold under the DOHLER Marks have been widely advertised online via amazon.com and throughout the United States.

39.     The Defendants' Counterfeit Goods bear and are sold under the DOHLER Marks in competition with Plaintiffs' genuine goods manufactured by DOHLER.  However, the Counterfeit Goods are different and inferior in quality compared to DOHLER's genuine goods. Accordingly, the Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

40.     The Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs.

41.     Specifically, the Defendants have authorized an infringing use of the DOHLER Marks, in the Defendants' advertisement and promotion of their towels.  Through their use of the DOHLER Marks, the Defendants have misrepresented to the members of the consuming public that the Counterfeit Goods being advertised and sold by them are affiliated with DOHLER.

42.     The Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

43.     Plaintiffs have sustained injury caused by Defendants' conduct, and absent an entry of an injunction by this Court, Plaintiffs will continue to suffer irreparable injury to their goodwill and business reputation, as well as monetary damages.  Moreover, the Defendants have wrongfully earned profits through their sale of goods bearing DOHLER Marks, and those profits should be paid over the Plaintiffs.

## COUNT III – COMMON LAW TRADEMARK INFRINGMENT

44. DOHLER hereby adopts and re-alleges the allegations set forth in Paragraphs 1-40 above.

45. DOHLER is the owner of all common law rights in and to the DOHLER Marks.

46. This is an action for common law trademark infringement against the Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the DOHLER Marks.

47. Specifically, Defendants, upon information and belief, are manufacturing, importing, promoting and otherwise advertising, distributing, offering for sale, and/or selling goods bearing infringements of the DOHLER Marks.

48. Defendants infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the DOHLER Marks.

49. DOHLER has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## COUNT IV – COMMON LAW UNFAIR COMPETITION

50. Plaintiffs hereby adopts and re-alleges the allegations set forth in Paragraphs 1-49 above.

51. This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods bearing marks and/or UPC codes which are identical to those owed and used by Plaintiffs in violation of Florida's common law of unfair competition.

52. Specifically, Defendants are promoting or otherwise advertising, selling, offering for sale, and distributing infringing goods bearing counterfeit and infringing marks of the DOHLER Marks. Defendants are using counterfeits and infringements of the DOHLER Marks to unfairly compete with the Plaintiffs via amazon.com operating across the United States, as well as other websites.

53. Defendants' infringing activities are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the DOHLER Marks.

54. DOHLER has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

### COUNT V – VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES (FLA. STAT. § 501.201, *ET SEQ*.)

55. Plaintiffs incorporate hereby adopts and re-alleges the allegations set forth in Paragraphs 1-49 above.

56. Defendants' aforesaid acts constitute unfair methods of competition, unconscionable acts or practices and unfair or deceptive acts or practices in the conduct of trade in commerce in violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*

57. Defendants' aforesaid acts have caused and will continue to cause great and irreparable injury to the Plaintiffs, and unless restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

### PRAYER FOR RELIEF

58. WHEREFORE, Plaintiffs demand judgment against the Defendants, jointly and severally, as follows:

a. Entry of a temporary, preliminary, and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the DOHLER Marks; from using the DOHLER Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name, or trademark or trade dress which may be calculated to falsely advertise the services or products of the Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with DOHLER; from falsely representing themselves as being connected with DOHLER, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of the Defendants, are in any way endorsed by, approved by, and/or associated with DOHLER; from using any reproduction, counterfeit, copy, or colorable imitation of the DOHLER Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by the Defendants, including without limitation, shoes and other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of DOHLER, or in any way endorsed by DOHLER and from offering such goods in commerce; and from otherwise unfairly competing with Plaintiffs.

b. Entry of an Order requiring Defendants to account for and pay Plaintiffs all profits and damages resulting from Defendants' trademark infringing and counterfeiting activities and that the award to Plaintiff's be trebled, as provided for under 15 U.S.C. § 1117, or, at DOHLER's election with respect to Count I, that DOHLER be awarded statutory damages from

the Defendants in the amount of two million dollars ($2,000,000) per each counterfeit DOHLER Mark used, type of goods or services sold, offered for sale, or distributed, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

      c.    Entry of an Order awarding Plaintiffs pre-judgment interest on its judgment amount.

      d.    Entry of an Order awarding Plaintiffs its costs and reasonable attorneys' fees and investigators' fees associated with bringing this action.

      e.    Entry of an Order awarding Plaintiffs such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

DATED: July 20, 2016

Respectfully Submitted,
Tucker IP

By: s/Matthew Sean Tucker
Matthew Sean Tucker
Florida Bar No. 90047
Tucker IP
110 SE 6TH Street, Suite 1709
Fort Lauderdale, FL 33301
Telephone: (954) 204-0444
Facsimile: (954) 358-4946
mtucker@TuckeripLaw.com
www.TuckeripLaw.com
*Attorney for Plaintiffs*